IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PENN-AMERICA INSURANCE CO., | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil No. JFM-04-1829 |
| v. | * | |
| | * | |
| TOI-MARIE LEWIS, et al., | * | |
| | * | |
| Defendant | * | |
| | ***** | |

OPINION

The issue presented in this case is whether Penn-America Insurance Company ("Penn-America") is obligated to indemnify Defendant Paradox Entertainment Group ("Paradox") for a consent judgment entered in an underlying case brought by Defendant Toi-Marie Lewis ("Lewis") against Paradox.

In the underlying action, Lewis brought suit for personal injuries caused by the alleged conduct of a bouncer employed at a club operated by Paradox. After a consent judgment was entered in Lewis's favor, Lewis petitioned Paradox's insurer Penn-America for payment in the amount of the judgment. Penn-America refused coverage, and filed the instant suit seeking declaratory judgment to establish lack of coverage. Paradox and Lewis both filed counterclaims seeking indemnification or payment of the damages awarded. Penn-America then filed a motion for summary judgment. For the reasons stated below, the motion will be granted.

I.

A. The Underlying Suit - *Lewis & Johnson v. Paradox*

The underlying suit results from the alleged conduct of a bouncer at a club operated by

Paradox in February 2002.  Lewis was present at the club when she became involved in an

dispute with another patron.  According to Lewis, a bouncer employed by Paradox then "grasped

Lewis, lifted her from the floor and threw her through a set of doors onto the street outside of the

Paradox facility."  Complaint, Lewis & Johnson v. Paradox, Circuit Court for Baltimore City,

Case No. 24C02001485, at ¶ 2.  She asserted claims for assault, battery, negligence, and

negligent hiring.   After an initial trial resulted in a mistrial, Lewis and Paradox entered into a

consent judgment in the amount of $120,000.  The judgment was entered on the negligence

count alone.  The other counts were dismissed.

B. The Penn-America Policy

The Penn-America policy held by Paradox (the "Policy") excludes coverage of damages

awarded as a result of: "'Bodily Injury', 'Property Damage', Personal Injury, Advertising Injury,

Medical Payments or any other damages resulting from assault and battery or physical

altercations that occur in, on, near or away from the insured's premises."  Penn-America Mot. for

Summ. J., ex. A, Assault and Battery Exclusion, at 1.  After Paradox filed its claim for

indemnification with Penn-America, Penn-America provided Paradox with a letter refusing

coverage.  Penn-America Complaint, ex. 3, 4/22/02 Denial Letter.  That letter quoted the above

language and stated clearly that there would be no coverage because Lewis's claim was for

"'bodily injury,' 'property damage' or 'personal injury' including false arrest, imprisonment or

slander, [arising] out of an assault and battery or physical altercation."  *Id.* at 3.

II.

Summary judgment is proper where there is no genuine issue of material fact and the moving party proves that it is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. Materiality is determined by the substantive law of the case; if a fact is in dispute that might affect the outcome of a case, it is considered to be material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In the context of a suit for declaratory judgment resolving insurance coverage, summary judgment in favor of the insurer is proper where there are no material facts in dispute which would lead to a potentiality for coverage. *See e.g.*, *Montgomery Co. Bd. Of Educ. v. Horace Mann Ins. Co.*, 840 A.2d 220, 224 (Md. Ct. Spec. App. 2003), *aff'd*, 860 A.2d 909 (Md. 2004) (finding no genuine disputes as to material facts because the sole question to be resolved by the court was the legal interpretation of "relevant statutes, the various insurance agreements between the parties, and the Complaint," and granting summary judgment).

III.

A.

Under Maryland law two inquiries are made to determine whether an insurer has a duty to defend its insured against tort suits. *See, e.g., St. Paul Fire & Ins. Co. v. Pryseski*, 438 A.2d 282, 285 (Md. 1981). First, the court examines the coverage provided for in the policy and any defenses under its terms. *Id.* Second, the court asks whether the allegations in the complaint potentially bring the claim within the coverage. *Id.* Thus, the court inquires first as to the boundaries of coverage, and second as to the allegations made in the underlying suit.

In determining the boundaries of coverage, the court construes an insurance policy just as it does any other contract, by giving its terms their "customary, ordinary, and accepted

meaning." *Aetna Cas. & Sur. Co. v. Cochran,* 651 A.2d 859, 862 (Md. Ct. App. 1995).  If a term

is ambiguous, extrinsic evidence may be admitted to show both the intent of the parties and any

possible special trade usage of terms.  *Pryseski*, 438 A.2d at 288.  Here, however, it is not

necessary to consider extrinsic evidence because the Penn-America policy uses clear language

and defines any terms that might otherwise be found ambiguous.  The resulting coverage

excludes from its scope those injuries resulting from "assault and battery or physical

altercations."  Penn-America M. for Summ. J., ex. A, Assault and Battery Exclusion, at 1.

Once the court has determined the scope of coverage, the court considers the allegations

in the underlying tort suit to determine whether the claim is potentially covered by the policy.

*Montgomery County Bd. of Educ.*, 840 A.2d at 226.  This test favors coverage, since, as the

Maryland Supreme Court has noted, "representation from the insurer … is part of the bargained-

for exchange in any insurance policy."  *Montgomery Co. Bd. Of Educ.*, 840 A.2d at 225-26

(citing *Cochran*, 651 A.2d at 865).  Even where a tort plaintiff fails to allege facts that clearly

bring the claim within coverage, the insurer must defend if the plaintiff shows a potentiality of

coverage.  *Brohawn v. Transamerica Ins. Co.*, 347 A.2d 842, 850 (Md. Ct. App. 1975).  If the

court is unsure about coverage, any doubts should be resolved in favor of the insured.

## B.

Where, as here, the underlying tort trial has already been completed, the insurer is

ordinarily bound by the findings of the court as to the nature of the claims.  *Allstate Ins. Co. v.

Atwood*, 572 A.2d 154, 161 (Md. Ct. App. 1990) (noting that "[a]s a general matter, a liability

insurer is bound by the finding in a tort action against its insured that the insured was liable due

to negligence").  That rule does not apply, however, where a conflict of interest arises that leads

"the judge in the declaratory judgment action [to] determine[] that ... [an] issue was not fully litigated in the tort trial." *Id.*

IV.

In the present case it is clear that the issue of whether Paradox's bouncer was merely negligent, rather than guilty of an assault and battery, in committing the acts alleged by plaintiff was not fairly litigated in the underlying tort action. The "finding" of negligence relied upon by Lewis and Paradox in this action arose from the entry of a consent judgment, and Lewis and Paradox both had a self-evident interest in allocating all of the damages awarded in the consent judgment to the negligence claim: to trigger Paradox's insurance coverage. The *Atwood* exception to the general rule is designed precisely to prevent such manipulation of insurance coverage. *Id.* at 156.

The gravamen of Lewis's allegations in the underlying suit was that the bouncer beat her up without just cause. Such conduct constitutes an assault and battery and is excluded under the express language of Penn-America's policy. Attempting to circumvent this conclusion, Lewis and Paradox now contend that the bouncer merely made a mistake when he "grasped Lewis, lifted her from the floor and threw her through a set of doors outside of the Paradox facility," as alleged in the complaint in the underlying suit. However Lewis and Paradox now seek to characterize these actions, they were intentional and, if engaged in without just cause, constituted assault and battery.

Furthermore, Penn-America's policy also excludes bodily or personal injuries arising from a "physical altercation." Lewis argues that this exclusion does not apply because the word "'altercation' implies a mutual quarrel, disagreement and/or clash between two people." Lewis

Opp'n Mem., at 5; *see also* Paradox Opp'n Mem., at 4.  According to Lewis, she had no quarrel, disagreement, or clash with the bouncer and therefore was involved in no "physical altercation" with him.  Though artful, this argument is fatally flawed.  If, as Lewis asserts, she was simply an innocent bystander and there had been no prior quarrel, disagreement, or clash whatsover between the bouncer and herself, she was the victim of an entirely unprovoked assault and battery.

A separate order granting Penn-America's motion for summary judgment is being entered herewith.


October 27, 2005                                /s/_____
Date                                            J. Frederick Motz
                                                United States District Judge